UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHON DAROSA, | No. 2: 14-cv-2287 KJN P |
| Petitioner, | |
| v. | ORDER |
| F. FOULK, et al., | |
| Respondent. | |

Petitioner is a state prisoner, proceeding without counsel, with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the parties are ordered to file further briefing addressing petitioner's claim alleging that the trial court erred in failing to disclose the identity of confidential informants.

On February 15, 2011, petitioner was arrested for various offenses involving drug possession. (CT at 318.) This arrest was based on information received by law enforcement from two confidential informants. (Id.) On May 10, 2011, a search warrant was served on petitioner's residence based on information received from three confidential informants (different from the two confidential informants relied on by law enforcement in February 2011). (Id. at 318; see also respondent's lodged document 1 at 4-5 (opinion of California Court of Appeal).)

On direct appeal, petitioner argued that the trial court erred by failing to disclose the identities of the two confidential informants relied on by law enforcement in February 2011.

1

1 (Respondent's Lodged Document 1 at 4-5.)  In the order affirming petitioner's conviction, the
2 California Court of Appeal noted that while petitioner had sought disclosure of the confidential
3 informants who provided facts supporting a search warrant executed in May 2011, he did not
4 renew that issue on appeal.  (Id.)

5 In the instant federal petition, petitioner challenges the trial court's failure to disclose the
6 identities of the three confidential informants who provided facts supporting the search warrant
7 executed in May 2011.  (ECF No. 1 at 20-21.)  In the reply to the answer, petitioner argues that he
8 raised this claim in his habeas corpus petition filed in the California Court of Appeal.  (ECF No.
9 16 at 12.)  Petitioner also appears to have raised this claim in his habeas corpus petition filed in
10 the California Supreme Court.  (Respondent's Lodged Document 11 at p. 11 of points and
11 authorities.)

12 In the answer, respondent addresses the claim raised by petitioner on direct appeal, i.e.,
13 the trial court erred in failing to disclose the identities of the two confidential informants relied on
14 by law enforcement to arrest petitioner in February 2011.  Respondent does not address
15 petitioner's claim challenging the trial court's failure to disclose the identities of the three
16 confidential informants who provided facts supporting the search warrant executed in May 2011.
17 Accordingly, respondent is ordered to file a supplemental answer addressing petitioner's claim
18 challenging the trial court's failure to disclose the identities of the three confidential informants
19 who provided facts supporting the May 2011 search warrant.

20 In the answer respondent argues that, for purposes of 28 U.S.C. § 2254(d), there is no
21 clearly established Supreme Court authority establishing when, if ever, a state court must disclose
22 to a criminal defendant the identity of a confidential informant.  For the following reasons, the
23 undersigned disagrees.

24 In Roviaro v. United States, 353 U.S. 53, 62 (1957), the Supreme Court held that where
25 the government opposes disclosure of the identity of an informer, a trial judge must balance the
26 public's interest in protecting the flow of information against the individual's right to prepare his
27 defense.  The Supreme Court noted, however, that the scope of the privilege is limited.  "Where
28 the disclosure of an informer's identity, or of the contents of his communication, is relevant and

helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege must give way." Id. at 60–61.  The undersigned finds that the Roviaro disclosure test is clearly established law for purposes of 28 U.S.C. § 2254(d).  See Airy v. Chappell, 2014 WL 1266153 at 5 (N.D. Cal. 2014).

In the supplemental answer, respondent is not precluded from arguing that Roviaro is not clearly established law.  However, respondent shall also address the application of Roviaro to petitioner's claim.

The undersigned further observes that the trial court conducted an in camera hearing to determine whether disclosure of the identities of the two February 2011 confidential informants was required.  (See RT at 46.)  The trial court determined that an in camera hearing regarding disclosure of the identities of the May 2011 confidential informants was not warranted.  (Id.)  In the supplemental answer, respondent shall address whether the trial court properly concluded that an in camera hearing regarding disclosure of the identities of the May 2011 confidential informants was not warranted.  See U.S. v. Henderson, 241 F.3d 638, 645 (9th Cir. 2000) (once threshold showing made, court must apply Roviaro balancing test).  In other words, respondent shall address whether the trial court properly concluded that petitioner did not make the threshold showing required for an in camera hearing pursuant to Roviaro.

Accordingly, IT IS HEREBY ORDERED that within thirty days of the date of this order, respondent shall file a supplemental answer; petitioner may file a supplemental traverse/reply, within thirty days thereafter.

Dated:  October 11, 2016

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Da2287.fb

3